NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 16 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

NATIONAL LABOR RELATIONS
BOARD,

              Petitioner,

    v.

PERMANENTE MEDICAL GROUP, INC.,

              Respondent.

No. 23-519

MEMORANDUM[*]

On Petition for Review of an Order of the
National Labor Relations Board

Submitted March, 11, 2024[**]
San Francisco, California

Before: R. NELSON, FORREST, and SANCHEZ, Circuit Judges.

The National Labor Relations Board (Board) seeks enforcement of its order

concluding that Respondent The Permanente Medical Group, Inc. (TMPG) engaged

in unfair labor practices by failing to produce relevant information requested by the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

National Union of Healthcare Workers (Union) and by untimely producing the requested information that it did provide. TMPG opposes enforcement of the Board's order, arguing that substantial evidence does not support the Board's conclusions that TPMG violated the National Labor Relations Act (the Act). We have jurisdiction under 29 U.S.C. § 160(e) and (f), and we grant the Board's application for enforcement.

"This court upholds decisions of the NLRB 'if its findings of fact are supported by substantial evidence and if the Board correctly applied the law,' and defers to any 'reasonably defensible' interpretation of the [Act]." *Retlaw Broad. Co. v. NLRB*, 53 F.3d 1002, 1005 (9th Cir. 1995) (quoting *NLRB v. Gen. Truck Drivers, Loc. No. 315*, 20 F.3d 1017, 1021 (9th Cir. 1994)).

**1.** ***Refusal to Provide Information***. Under § 8(a)(5) of the Act, an employer has a duty "to bargain collectively with the representatives of his employees." 29 U.S.C. § 158(a)(5). "It has long been established that the obligation to bargain collectively in good faith includes an employer's duty to furnish information which the union needs to carry out its statutory duties and responsibilities . . . ." *Press Democrat Pub. Co. v. NLRB*, 629 F.2d 1320, 1324 (9th Cir. 1980). When a union requests information from an employer that is "not presumptively relevant" to the union's duties, as here, the union has the burden to demonstrate a "reasonable belief,

supported by objective evidence, that the requested information is relevant." *Disneyland Park*, 350 N.L.R.B. 1256, 1257–58 (2007).

Here, the Board reviewed the Union's requests for information and made factual findings as to each category. TPMG does not address the Board's individualized findings. Rather, TPMG argues broadly that the Board erroneously concluded that the Union reasonably believed the information it requested was relevant. We disagree. As the Board concluded, the Union demonstrated that the requested information would allow it to establish a baseline for assessing forthcoming recommendations made by a collaborative committee that was created by the collective bargaining agreement. And seeking the information one day before the committee was to give a progress report and a few months before the committee's final report was due was not premature. The Union's request was also supported by objective evidence that demonstrated the requested information was relevant to the committee's objectives and purpose. TMPG offers no reason, other than conclusory allegations, for rejecting the Board's findings that the Union met its burden of showing relevance under the "liberal discovery standard." *NLRB v. Associated Gen. Contractors of Cal., Inc.*, 633 F.2d 766, 770–72 (9th Cir. 1980).

**2.** ***Untimely Production*.** An employer has a duty to provide relevant information requested by a union in a timely manner. *See Woodland Clinic*, 331

N.L.R.B. 735, 736 (2000). The Board concluded that TPMG's three-month delay in providing requested information violated the Act.

First, TPMG challenges this finding, arguing that "there can be no delay in providing information that cannot be lawfully sought in the first instance" because there was no evidence the information was "relevant to anything three months in advance of the [committee's] recommendations." This argument fails because it simply repeats the same relevancy arguments discussed above. As the Board concluded, "[r]equesting relevant data 3 months before the [committee] presented its final report, in order to prepare for a review of those recommendations, is not somehow premature or temporally inappropriate."

Second, TPMG argues that because it produced information requested by the Union within days of the committee's final report, when TPMG deemed the information relevant, the production was timely. This is incorrect. "[T]he Union was entitled to the information at the time it made its initial request, [and] it was [TMPG's] duty to furnish it as promptly as possible." *Woodland Clinic*, 331 N.L.R.B. at 737 (second alteration in original) (quoting *Pennco, Inc.*, 212 N.L.R.B. 677, 678 (1974)). The timeliness of production is determined based on all the circumstances. *See W. Penn. Power Co.*, 339 N.L.R.B. 585, 587 (2003) ("In evaluating the promptness of the response, the Board will consider the complexity and extent of information sought, its availability and the difficulty in retrieving the

information." (internal quotation marks omitted)). TPMG does not contend that producing the information was overly burdensome, and it fails to justify its months-long delay.

**PETITION FOR ENFORCEMENT GRANTED.**